UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAYLIN JERENA-BLANCO,

Petitioner,

v. Case No. 3:26-cv-1576-MMH-PDB

WARDEN, BAKER COUNTY DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

## I. Status

Petitioner Maylin Jerena-Blanco, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on June 16, 2026. Jerena-Blanco, a citizen of Cuba, entered the United States on May 6, 1980. Doc. 6-1 at 2. An immigration judge ordered Jerena-Blanco removed to Cuba on July 23, 2008. Id. at 2, 15. United States Immigration and Customs Enforcement (ICE) detained Jerena-Blanco on November 25, 2025, following her arrest and conviction for larceny. Id. at 2–3.

The Federal Respondent filed a Response to Petition for Writ of Habeas Corpus (Doc. 6) with exhibits (Doc. 6-1). Jerena-Blanco failed to reply.

## II. Analysis

In her Petition, Jerena-Blanco argues that she is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because she has been detained beyond the presumptively reasonable removal period and there is no significant likelihood of removal in the reasonably foreseeable future. Doc. 1 at 7–13. Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[1] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

within a reasonable time. Id. at 701. The government may detain an alien beyond the statutory removal period if he is, among other things, a criminal alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a

significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

In this case, there is no dispute that when Jerena-Blanco filed this case, she had been in ICE custody for over six months following her order of removal. See Doc. 6 at 3 (stating that Jerena-Blanco "has remained detained since November of 2025 for a total of 290 days"). Nevertheless, the Federal Respondent contends that the six-month period is tolled because Jerena-Blanco refused to comply with ICE's attempts to remove her to Mexico. Id.

In support of its contention, the Federal Respondent submits the unsigned declaration of a deportation officer who states in pertinent part:

> On February 9, 2026, the Petitioner was transported to the Florence Detention Center in Florence.
>
> On February 11, 2026, the Petitioner was transported to Eloy Detention Center in Eloy. On that same date, the Petitioner Failed to Comply (FTC) with her removal to the third country removal order to Mexico.
>
> On March 26, 2026, the Petitioner FTC again with her removal to the third country removal order to Mexico.
>
> On July 15, 2026, the Petitioner refused to sign her Norice [sic] of Removal form.
>
> The Petitioner is currently in custody at Eloy Detention Center, pending her removal to Mexico.

Doc. 6-1 at 23 (enumeration omitted). The Federal Respondent also submits a copy of a Notice of Removal to Mexico dated December 10, 2025, which ICE asserts Jerena-Blanco refused to sign. Id. at 11; see also id. at 5, 8.

Section 1231(a)(1)(C) explicitly provides for an extension of the removal period "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). When addressing a Zadvydas claim, courts have applied § 1231(a)(1)(C) differently:

> Many courts conduct an analysis using the burden-shifting framework from Zadvydas, considering an alien's failure to cooperate in determining whether the alien can show "good cause" to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Other courts contend that an alien's failure to cooperate precludes an analysis under Zadvydas altogether. Finally, some courts find an alien's failure to cooperate or filing of litigation equitably tolls, possibly indefinitely, the six-month removal period. In fact, a couple of courts covered both bases finding obstruction tolled the removal period, and in the alternative, the alien did not meet the Zadvydas standard.

Glushchenko v. U.S. Dep't of Homeland Sec., 566 F. Supp. 3d 693, 705–06 (W.D. Tex. 2021) (footnotes omitted). The Eleventh Circuit Court of Appeals has recognized that the six-month period may be tolled if the alien "'acts to prevent [his] removal'" by filing litigation "challeng[ing] issues related to his

removal order and his post-removal period detention." Akinwale, 287 F.3d at 1052 n.4 (quoting 8 U.S.C. § 1231(a)(1)(C)). More recently, the Eleventh Circuit noted that "if the removal period was extended by operation of § 1231(a)(1)(C), then ICE can continue to detain [the petitioner] because 'the keys to [the petitioner's] freedom [are] in his pocket and [he] could likely effectuate his removal by providing the information requested,' so he 'cannot convincingly argue that there is no significant likelihood of removal.'" Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (11th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)); see Vaz v. Skinner, 634 F. App'x 778, 782 (11th Cir. 2015)[2] ("Because Petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future if he cooperates with DHS and voluntarily signs for the travel document."); Oladokun v. U.S. Att'y Gen., 479 F. App'x 895, 897 (11th Cir. 2012) ("Oladokun fails to 'provide[ ] good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future,'" because his "non-

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

cooperation is the only barrier to his removal." (quoting Zadvydas, 533 U.S. at 701).

The Federal Respondent has not shown that Jerena-Blanco's actions were akin to a "refus[als] to make timely application in good faith for travel or other documents necessary" for her removal or that her actions otherwise prevented his removal. 8 U.S.C. § 1231(a)(1)(C). First, the deportation officer's description of the events on February 11 and March 26, 2026, is vague. While the deportation officer asserts that Jerena-Blanco "failed to comply" with her third country removal, Doc. 6-1 at 23, it is unclear what form that refusal took. As to Jerena-Blanco's refusal to sign the Notice of Removal to Mexico, the Federal Respondent attaches only one example of a Notice of Removal; however, that document shows a signature on the "signature of alien" and a "refused to sign" on the "name or number of interpreter" line. Doc. 6-1 at 11. Regardless, it appears that the document is a notice to Jerena-Blanco, not an application for travel documents or a form that would otherwise appear to assist in his removal. Without more, the Court cannot find that Jerena-Blanco's actions warrant tolling of the six-month period as urged by the Federal Respondent. Therefore, the Court finds Jerena-Blanco's six-month period expired prior to the filing of this case.

The Court also finds that Jerena-Blanco has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, Jerena-Blanco has now been detained over ten months, but ICE has yet to remove her. She also contends that ICE failed to obtain travel documents to Cuba on her behalf in 2008. Doc. 1 at 3. And, in December 2025, Cuba "denied her removal. Id. at 4. Jerena-Blanco asserts there are no plans to remove her in the reasonably foreseeable future. Id. at 3. Thus, the burden shifts to the Federal Respondent.

The Court finds that the Federal Respondent has not submitted evidence sufficient to rebut Jerena-Blanco's showing that there is no significant likelihood of removal in the reasonably foreseeable future. The Federal Respondent points to its attempts to remove Jerena-Blanco to Mexico. See Doc. 6 at 7. However, this evidence is unavailing. Detaining a noncitizen and using the specter of continued detention to compel her to "voluntarily" depart does not constitute removal. Instead, it is the exact kind of indefinite detention that Zadvydas sought to prevent.

The Federal Respondent has not provided any evidence to suggest that ICE has actually communicated with Mexico or any other third country regarding Jerena-Blanco. Nor has the Federal Respondent demonstrated that the necessary travel documents have been sought—let alone obtained—for any

country. Indeed, it is unclear if Mexico would even accept Jerena-Blanco if she signed the Notice of Removal to Mexico. Based on the evidence, or lack thereof, the Court finds the Federal Respondent has failed to show that there is a significant likelihood Jerena-Blanco will be removed in the reasonably foreseeable future. Moreover, the Federal Respondent does not contend that Jerena-Blanco is a risk to the community or unlikely to comply with the order of removal.[3] Therefore, Jerena-Blanco is entitled to release from detention under Zadvydas.

Accordingly, it is **ORDERED**:

1. Jerena-Blanco's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Respondents shall release Jerena-Blanco **within 24 hours** of this Order. At least **five (5) hours** before releasing Jerena-Blanco, Respondents shall provide Jerena-Blanco with access to a telephone to arrange transportation from the detention facility. Jerena-Blanco shall be subject to her preexisting order of supervision.

[3] The Federal Respondent argues that Jerena-Blanco's refusal to cooperate with her removal to Mexico should not result in the Court releasing Jerena-Blanco, who has an "extensive criminal history," including larceny, credit card fraud, and driving under the influence, back into the populace. Doc. 6 at 7. However, this is not a dangerousness argument, and it is not appropriate for the Court to formulate arguments on the Federal Respondent's behalf.

2. The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9
c:
Maylin Jerena-Blanco, #A022804878
Counsel of record